# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREDERICK BANKS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Misc. No. 16-58 |
|  | ) Judge Nora Barry Fischer |
| MARK G. WEITZMAN, ESQ., et al., | ) |
| Respondents. | ) |

## ORDER OF COURT

AND NOW, this 18th day of February 2016, upon consideration of Petitioner Frederick H. Banks' motion for reconsideration, (Docket No. [3]), wherein he purportedly seeks reconsideration of the Order of Court issued by the undersigned on January 27, 2016, (Docket No. [2]), and other Orders that were not issued by the undersigned at Misc. Nos. 16-60, 16-79, 16-80,

IT IS HEREBY ORDERED that Petitioner Banks' motion for reconsideration [3] is DENIED, as he has not demonstrated that reconsideration of this Court's ruling in Misc. No. 16-58 enforcing the vexatious litigant Order entered in *Banks v. Pope Francis*, Civ. A. No. 15-1400, ECF No. 7, (W.D. Pa. Dec. 8, 2015), in this attempted habeas case is appropriate under the prevailing standard for reconsideration that Petitioner has been advised of countless times in the past. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)) ("A court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice."). Further, it is well established that "habeas actions are civil cases,"

1

*Rumsfeld v. Padilla*, 542 U.S. 426, 452, 124 S. Ct. 2711, 2728, 159 L. Ed. 2d 513 (2004), and Banks' four separately filed habeas actions at Misc. Nos. 16-58, 16-60, 16-79, and 16-80, name numerous individuals as respondents whom are not the warden of the correctional institution where he is being held in presentence custody and thus, are not properly joined in any event. *See Rumsfeld*, 542 U.S. at 434 (quoting 28 U.S.C. § 2242) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."). Finally, as this Court held previously, Banks has failed to comply with the requirements of the vexatious litigant Order in *Banks v. Pope Francis*, Civ. A. No. 15-1400, ECF No. 7, detailing all of the procedures that Banks must comply with prior to him being granted leave of court to permit him to pursue this or any cause of action. Hence, reconsideration of the January 27, 2016 Order is denied.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc: Frederick Banks (Inmate #120759)
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219